Jodie L. Ousley
Michelle J. d'Arcambal
d'ARCAMBAL, LEVINE & OUSLEY, LLP
40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Defendant Oxford Health Plans (NY), Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED ORTHOPEDIC REHIBILITATION, PC C/O JOHN S. ARTANDI MD,<br><br>Plaintiff<br><br>- against -<br><br>OXFORD HEALTH PLANS,<br><br>Defendant. | C.A. No. 08-CV-7185<br><br><br><br><br><br><br><br>**AMENDED NOTICE OF REMOVAL** |

TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant Oxford Health Plans (NY), Inc. ("Defendant" or "Oxford"), through its attorneys, d'Arcambal, Levine & Ousley, LLP, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully notice the removal of the captioned action to the United States District Court, Southern District of New York from the Civil Court of the City of New York, Small Claims Part. The grounds for removal are as follows:

1.   Upon information and belief, on or about July 2, 2008, Plaintiff John S. Artandi ("Plaintiff" or "Artandi") filed a Complaint in the Civil Court of the City of New York, County of New York, naming as Defendant Oxford Health Plans, Index No. NSC

60993/2008 (the "State Court Action"). Copies of all process, pleadings, and orders served upon Defendants are annexed hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Oxford received the Notice of Claim and Summons to Appear on or about July 15, 2008.

3. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Income Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1144, because the action includes claims by Plaintiff to recover benefits under an employee welfare benefit plan governed by the provisions of ERISA, and therefore this action may be removed to this Court.

### THE PARTIES

4. Plaintiff John S. Artandi was, at the time the State Court Action was commenced a citizen of New York, residing at 18 East 50th Street, 6th Floor, New York, NY 10022.

5. Defendant Oxford was, at the time the State Court Action was commenced, and is a corporation, incorporated under the laws of New York, with its principal place of business in New York.

6. On or about July 15, 2008, Oxford received Notice of Claim and Summons to Appear. Accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446, is timely.

### THE STATE COURT ACTION

7. The Notice of Claim and Summons to Appear seeks to recover monies relating to a medical benefits plan which is an employer sponsored employee welfare benefit plan, and is governed by ERISA, and administered by Oxford.

## THIS COURT'S REMOVAL JURISDICTION

8. Title 28 U.S.C. § 1441(a), (b) and (c), respectively, provide the basis for removal jurisdiction to this Court of this action as Plaintiff alleges claims to recover payment for health services and medical benefits under employee welfare benefit plans which are governed by ERISA.

9. Title 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court based upon the federal questions present in this action as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1331). In this action, Plaintiff alleges claims to recover certain ERISA-regulated plan benefits. ERISA preempts any state law claims alleged in Plaintiff's action, and provides the exclusive federal remedies for resolution of claims relating to ERISA plans. *ERISA § 502 (a) (1) (B), 29 U.S.C. § 1132 (a) (1) (B).* See *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of Section 502 (a) (1) is removable to federal court under 28 U.S.C. § 1441 (b) as an action arising under federal law. See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

10. In this case, the Notice of Claim and Summons to Appear specifically alleges claims against Defendant Oxford to recover payment for health services and medical benefits under an employee welfare benefit plan which is governed by ERISA.

11. Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to 28 U.S.C. § 1441 (a) and (b). To the extent that any claim or plan at issue in this action is not governed by ERISA, this Court has pendent

jurisdiction over any otherwise non-removable claims or causes of action and may determine all issues therein pursuant to 28 U.S.C. § 1441 (c).

12. The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed with this Court within thirty (30) days after receipt of the Summons and Complaint by Defendant Oxford. The time for filing this Notice of Removal has not expired under 28 U.S.C. § 1446(b).

13. The United States District Court, Southern District of New York, is the appropriate court to which this action should be removed because this district is the district embracing actions filed in the Supreme Court of the State of New York, County of New York.

14. A true and correct copy of this Notice of Removal is being served upon Plaintiff as required by law. *28 U.S.C. § 1446(d)*.

15. A true and correct copy of this Notice of Removal is also being filed promptly with the Clerk of the Supreme Court of the State of New York, County of New York, as provided by law. *28 U.S.C. § 1446(d)*.

WHEREFORE, Defendant Oxford hereby removes this action, currently pending as Index No. NSC 60993/2008 in the Civil Court of the City of New York, Small Claims Part.

Respectfully submitted,

Dated: August 14, 2008  
New York, New York

d'ARCAMBAL, LEVINE & OUSLEY, LLP

By: _____  
Michelle J. d'Arcambal

40 Fulton Street, Suite 1005  
New York, New York 10038

(212) 971-3175
(212) 971-3176 (Facsimile)

Attorneys for Defendant Oxford Health Plans

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Removal was served upon Plaintiff, John S. Artandi, by U.S. Mail, postage prepaid, this 14th day of August, 2008, upon the following:

> John S. Artandi
> 18 East 50th Street, 6th Floor
> New York, NY 10022

Michelle J. d'Arcambal, Esq.